# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, D.C. 20043,

*Plaintiff*,

vs.

UNITED STATES
DEPARTMENT OF TRANSPORTATION,
1200 New Jersey Ave, S.E.
Washington, D.C. 20950

*Defendant*.

Case No.

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Democracy Forward Foundation brings this action against Defendant U.S. Department of Transportation ("DOT") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows.

### Jurisdiction and Venue

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper under 28 U.S.C. § 1391(e), as DOT's headquarters are located in Washington, D.C. and a substantial part of the events or omissions giving rise to plaintiff's claims occurred here.

## Parties

3.      Plaintiff Democracy Forward Foundation is a not-for-profit media organization

incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff

works to promote transparency and accountability in government, in part, by educating the

public on government actions and policies.

4.      Defendant DOT is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1),

and is headquartered in Washington, D.C.  DOT has possession, custody, and control of records

to which plaintiff seeks access.

## Facts

### The Trump Administration's Use of Informal Advisers to Shield Policymaking

5.      President Donald Trump and DOT have made unprecedented use of so-called "informal

advisers" to inform and conduct policymaking, bypassing both Senate-confirmed Cabinet

secretaries and federal ethics regulations intended to prevent conflicts-of-interest and corruption.

*See, e.g.*, Josh Dawsey and Isaac Arnsdorf, *Trump Doling Out Plum Adviser Jobs to Rich

Friends*, Politico (Jan. 22, 2017, 7:17 AM), https://goo.gl/sCztGw; Maggie Haberman and Glenn

Thrush, *Trump Reaches Beyond West Wing for Counsel*, N.Y. Times (Apr. 22, 2017),

https://goo.gl/97YLHF.

6.      These informal advisors have a significant financial interest in many of the issues on

which President Trump has solicited, and continues to solicit, advice. For example, President

Trump has empowered real estate developers Richard LeFrak and Steven Roth "to monitor

spending" on his proposed $1 trillion infrastructure plan. Peter Grant and Ted Mann, *Donald

Trump Asks Richard LeFrak, Steven Roth To Monitor Infrastructure Plan's Costs*, Wall Street

Journal (Jan. 16, 2017), https://goo.gl/fXjCzY. Yet, both LeFrak and Roth have significant

financial interests in infrastructure projects. Sarah Mulholland and Mark Niquette, *Trump Ties to*

*Infrastructure Advisers Roth, LeFrak Run Deep*, Bloomberg (Feb. 15, 2017),

https://goo.gl/hkLSeS. Roth's real estate company Vornado Realty Trust, for example, recently

merged with The JBG Companies to create JBG SMITH Properties. The new company is a

major landlord for the federal government, and was recently on the shortlist for a $2 billion

contract for development rights to the FBI's headquarters. Ethan Rothstein, *Donald Trump Taps*

*Richard LeFrak, Steven Roth To Lead New Infrastructure Council*, Forbes (Jan. 17, 2017),

https://goo.gl/rsSqku.

7.      Despite the fact that both LeFrak and Roth have personal financial interests in

infrastructure policy and projects, President Trump has claimed "everything is going to be run by

them." *Partial Transcript: Trump's Interview with the Times*, N.Y. Times (Apr. 5, 2017),

https://goo.gl/fBdr38.

8.      Despite the potential conflicts and corruption posed by the widespread use of informal

advisors, DOT Secretary Elaine Chao, during a joint interview with LeFrak, stated the

government's use of informal advisers is necessary because "[t]he federal government can't do it

alone." Michelle Fox, *Details On Infrastructure Plan To Come 'Pretty Soon,' Transportation*

*Secretary Says*, CNBC (May 1, 2017), https://goo.gl/dBwdsr.

**Plaintiff's FOIA Request**

9.      To understand and explain to the public the scope and nature of government business

conducted by LeFrak, Roth, and other informal advisers, plaintiff submitted a FOIA request to

DOT.

10.     Plaintiff's FOIA request was submitted via electronic mail on May 19, 2017 and

requested the following:

> 1)      All communications, including any attachments, sent to or from Carl
> Icahn, Rudolph Giuliani, Richard LeFrak, Steven Roth, Robert Kraft, Ike
> Perlmutter, Steve Schwarzman, Phil Ruffin, Rupert Murdoch, Corey
> Lewandowski, Newt Gingrich, Chris Ruddy, Sean Hannity, Thomas Barrack, Jr.,
> Chris Christie, Roger Stone, Eric Trump, or Donald Trump, Jr.
>
> 2)      All communications, including any attachments, made or received in
> relation to or reflecting the conduct of government business using any
> nongovernmental email account or nongovernmental communications device
> established, controlled or used by Carl Icahn, Rudolph Giuliani, Richard LeFrak,
> Steven Roth, Robert Kraft, Ike Perlmutter, Steve Schwarzman, Phil Ruffin,
> Rupert Murdoch, Corey Lewandowski, Newt Gingrich, Chris Ruddy, Sean
> Hannity, Thomas Barrack, Jr., Chris Christie, Roger Stone, Eric Trump, or
> Donald Trump, Jr.

11.     Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. §

552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because

it is likely to contribute significantly to public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester."

12.     On May 24, 2017, DOT acknowledged receipt of the letter and assigned the request

tracking number 2017-243.

13.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOT was required to determine whether to

comply with the FOIA request within twenty (20) working days of receipt of the request and to

notify plaintiff immediately of its determination, the reasons therefor, and the right to appeal any

adverse determination.

14.     DOT's determination regarding plaintiff's FOIA request was due, at the latest, by June

19, 2017.

15.     As of the date of this complaint, DOT has failed to:  (1) determine whether to comply

with the FOIA request, (2) notify plaintiff of any such determination of the reasons therefor, (3)

advise plaintiff of the right to appeal any adverse determination, or (4) produce the requested

records or otherwise demonstrate that the requested records are exempt from production.

16.     Because DOT has failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A), plaintiff is deemed to have exhausted any and all administrative remedies pursuant

to 5 U.S.C. § 552(a)(6)(C).

### Claim for Relief

### Count One (Violation of FOIA, 5 U.S.C. § 552)

17.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

18.     By failing to respond to plaintiff's request within the statutorily mandated twenty (20)

days, DOT has violated its duties under 5 U.S.C.§ 552, including but not limited the duties to

conduct a reasonable search for responsive records, to take reasonable steps to release all

nonexempt information, and to not withhold responsive records.

WHEREFORE, plaintiff prays that this Court:

1.      order defendant to conduct a search for any and all responsive records to plaintiff's

FOIA request using search methods reasonably likely to lead to discovery of all responsive

records;

2.      order defendant to produce, by a date certain, any and all non-exempt responsive records

and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.      enjoin defendant from continuing to withhold any and all non-exempt responsive records;

4.      order defendant to grant plaintiff's request for a fee waiver;

5.      award plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6.      grant any other relief this Court deems appropriate.

Dated: June 30, 2017                              Respectfully submitted,

                                                 /s/ *Javier M. Guzman*

                                                 Javier M. Guzman
                                                 (D.C. Bar No. 462679)
                                                 Karianne M. Jones (*pro hac vice motion to be filed*)
                                                 Democracy Forward Foundation
                                                 P.O. Box 34553
                                                 Washington, D.C. 20043
                                                 (202) 448-9090
                                                 jguzman@democracyforward.org
                                                 kjones@democracyforward.org